IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF IOWA
                              WESTERN DIVISION

**CORY BLAKE WEST**

       Plaintiff,

vs.

**CHARLES PALMER**, Director of the Iowa State Department of Human Resources; **ELIZABETH ROBINSON**, Chair of the Iowa Board of Parole; **KAREN MUELHART**, Vice Chair of the Iowa Board of Parole; **WALTER REED, JR.**, Iowa Board of Parole; **RICHARD BORDWELL**, Iowa Board of Parole; **NANCY BOYD**, Iowa Board of Parole; **CLARENCE KEY, JR.**, Executive Director Iowa Board of Parole; **DAN FELL**, Director of Correctional Services Fairfield Administrative Office; **JASON SMITH**, Director of the Civil Commitment Program; **KIRK DAILY**, Associate District Court Judge; **LISA HULL**, Wapella County Attorney; **JOHN MCCORMALLY**, Assistant Attorney General; **ERIC PARRISH; BENJAMIN BERGMANN, LARRY MAPES**, Warden Newton Correctional Center; **STEVEN ADDINGTON**, Assistant Public Defender; AND **JASON DUNN**, Assistant Public Defender,

       Defendants.

No. 12-CV-4059-DEO

**INITIAL REVIEW ORDER**

_____

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Cory West's [hereinafter Mr. West] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and 42 U.S.C. Section 1983 Complaint. Mr. West is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited November 28, 2012.

over time and are not entitled to proceed in forma pauperis as to filing fees. *Id.* However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied Michau v. Charleston County*, S.C., 126 S. Ct. 2936 (2006),

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited November 28, 2012.

stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also *Kansas v. Hendricks*, 521 U.S. 346, 365-69(1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir.2000) (concluding that a person detained under state's civil sexually violent predator act is not a "prisoner" within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*Id*. At 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and

---

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

4

court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff's applications substantially meets the above requirements. **Therefore, Mr. West's Motion to Proceed in Forma Pauperis is granted. The Clerk of Court shall file Mr. West's Complaint. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a the Petitioners's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted).

5

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not entail that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." <u>Id.</u> at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE AND ANALYSIS**

Mr. West's pro se Complaint makes one basic argument against a multitude of Defendants. Mr. West argues that his original sentence for the crime of assault with the intent to commit sexual abuse required him to serve a term of supervised release. He argues that because he was civilly committed as soon as he was paroled from prison, his right to parole and/or supervised release was violated. Mr. West specifically states that, "On September 1, 2011, a jury verdict came back finding the plaintiff to be a sexually violent predator. The Plaintiff was under a binding contract by the State of Iowa from his sentencing Order for Parole as well as a binding contract by the Iowa Board of Parole to be released to parole. The plaintiff was never released to this parole as he was told

7

when he entered into the binding agreement dating back to May 22, 2008." (Docket No. 1-1).

Some of the Defendants that Mr. West has named in the present Complaint must be dismissed from this action for procedural and legal reasons. The Court will address those issues before addressing Mr. West's primary argument.

**A. Kirk Daily, Associate District Court Judge**

Mr. West admits in his Complaint that Kirk Daily is an Associate District Court Judge for the State of Iowa. "A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. See *Mireles v. Waco*, 502 U.S. 9, 11, 12 (1991). First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id*. (internal citations omitted). *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Additionally,

> [t]he Supreme Court has instructed us to construe broadly the scope of the judge's jurisdiction ... where the issue is the immunity of a judge. Thus, [a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. Moreover, an action taken in the very aid of the judge's jurisdiction over a matter before him cannot be said to have been taken in the absence of jurisdiction.

*Schottel v. Young*, 687 F.3d 370 (8th Cir. 2012).

There is no allegation in the Complaint that Judge Daily was acting outside the scope of his judicial activities. Mr. West's allegation relates to the sentence Judge Daily imposed. Similarly, there is no allegation that Judge Daily was acting outside of his jurisdiction. **Accordingly, Judge Daily is immune from suit and must be dismissed from the case**.

**B. Prosecutorial Immunity**

Prosecutorial actions innately associated with the judicial phase of the criminal process are protected by absolute immunity. *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003). The need for impartiality and independence has led the Supreme Court to consistently hold that prosecutors

9

receive absolute immunity for all actions taken as advocates of the state. *Dorsey v. Walden*, 3:12-CV-00136-BRW, 2012 WL 2505219, 1 (E.D. Ark. 2012) citing *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). Mr. West lists Defendant Lisa Hull as representing the State of Iowa. The Court understands that she is a Wapella County Attorney. According to the documents that Mr. West submitted, she prosecuted his initial case before the Iowa District Court. There is no allegation that she was acting outside the scope of her duties, and as was noted above, Mr. West's allegations relate to the sentence he received. **Accordingly, Ms. Hull is entitled to immunity and should be dismissed from this action**.

Similarly, Mr. West's Complaint states that he is suing Assistant Attorney General John McCormally in Mr. McCormally's capacity as a prosecutor. **Accordingly, Mr. McCormally is entitled to prosecutorial immunity and should be dismissed from the case**.

**C. Defense Counsel**

Mr. West's Complaint names most, if not all, of the attorneys who have represented him as Defendants. The Constitution, with the exception of Section 1983, only allows

for causes of action against persons acting "under color" of state law. 42 U.S.C. § 1983. A person is acting under color of state law if their actions meet the Fourteenth Amendment state action requirement. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982). The Fourteenth Amendment state action requirement is met when there is such a "'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (citing *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974)). Appointed counsel for involuntary committees are, in fact, opposing the Government. Therefore, absent allegations sufficient to sustain a finding that Mr. West's attorneys conspired with the Iowa Assistant Attorney General or administrators or employees of the Department of Human Services, there can be no cause of action

11

against them.  **Mr. West's claims against Eric Parrish, Ben Bergmann, Steven Addington, and Jason Dunn are dismissed**.

    **D.    Claim Regarding Supervised Release**

As discussed above, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  In other words, the claim to relief must be "plausible on its face." *Id.* at 570. Additionally it must be noted that, "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 811 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).  Thus, as a threshold issue, court's must determine whether a plaintiff has alleged the violation of a federal right.  510 U.S. at 811.  If there is no alleged violation of a federal right, there is no cause of action.

In this case, Mr. West alleges his due process rights were violated when he was denied the ability to serve custody

free parole after his incarceration ended. Courts have repeatedly found there to be no constitutional right to parole. "Defendant does not have a constitutional right to probation. *State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979). Neither does he have a constitutional right to parole. *State v. Cole*, 168 N.W.2d 37, 39-40 (Iowa 1969)." *State v. Wright*, 309 N.W.2d 891, 893 (Iowa 1981). That said, early release statutes can create a liberty interest protected by due process guarantee. See *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) reh'g denied, 131 S. Ct. 1845, 179 L. Ed. 2d 796 (2011), stating that:

> Whatever liberty interest exists is, of course, a state interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

*Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011).

At this initial stage of the case, the Court cannot say for certain that that rational will not also apply to supervised release. Accordingly, Mr. West may have a valid claim that the remaining Defendants have violated his due process rights by denying him his liberty interest in his supervised release and parole. To that extent, Mr. West's claim will be allowed to proceed past the initial review stage.

**E. Other Issues**

Mr. West's Complaint also includes broad arguments against the validity of his incarceration and the effectiveness of his trial counsel. The Court has no jurisdiction under 42 U.S.C. § 1983 regarding the substance of Mr. West's claims, to the extent that Mr. West is challenging the validity of his incarceration or that he was denied effective assistance of counsel when counsel failed to advise him that he could be civilly committed upon his release from prison. Those are claims that must initially be brought in state court actions. See 28 U.S.C. § 2254(b)(1)(A). Accordingly, to the extent Mr. West is claiming ineffective

assistance of counsel or that his incarceration is invalid, those claims are dismissed without prejudice.

**V. APPOINTMENT OF COUNSEL**

28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this Court's discretion. **Given Mr. West's current financial situation and the nature of his claim, his Motion for Appointment of Counsel is granted.** <u>The Clerk of Court shall appoint Jay Denne as appointed counsel to this case pursuant to Library Fund Administrative Order No. 12-AO-0013</u>. Mr. Jay Denne is hereby appointed as Plaintiff's counsel, and the Clerk's office shall forward a copy of this Order to Mr. Denne. Mr. Denne shall file an amended complaint within twenty (20) days from the date of this Order.

**VI. CONCLUSION**

For the reasons set out above:

Mr. West's application to proceed in forma pauperis is granted. The Clerk of Court shall file Mr. West's Complaint. No filing fee will be assessed. The Clerk of Court shall serve the parties by sending by certified mail as set out on the attached service forms. Defendants Judge Kirk Daily, Lisa

15

Hull, John McCormally, Eric Parrish, Benjamin Bergman, Steven Addington, and Jason Dunn are dismissed. Mr. West's due process claim under 42 U.S.C. § 1983 is allowed to proceed. Mr. West's application for the appointment of counsel is granted and Jay Denne is appointed under 12-AO-0013. Mr. Denne shall file an amended complaint within twenty (20) days from the date of this Order. To the extent Mr. West alleges ineffective assistance of counsel and an invalid incarceration, his claims are dismissed.

**IT IS SO ORDERED** this 29th day of November, 2012.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

# NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| CORY BLAKE WEST,<br><br>   Plaintiff,<br><br>vs.<br><br>CHARLES PALMER, et al.,<br><br>   Defendants. | No. 12-CV-4059-DEO |

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _____.

  I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _____, 2012.

                          _____
                          Signature (Clerk's Office Official)
                            Northern District of Iowa

<h1 style="text-align:center">ACKNOWLEDGMENT OF RECEIPT OF<br>NOTICE OF LAWSUIT,<br>and WAIVER OF SERVICE OF SUMMONS</h1>

(**Return **this** document within thirty days after _____, to the United States Clerk's Office in the envelope provided.)

<h2 style="text-align:center">IN THE UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF IOWA<br>WESTERN DIVISION</h2>

| | |
|---|---|
| CORY BLAKE WEST,<br><br>      Plaintiff,<br><br>vs.<br><br>CHARLES PALMER, et al,<br><br>      Defendants. | No. 12--CV-4059-DEO |

     I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

     I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent) or the date the amended complaint is filed (whichever date is latest).

Date _____      Signature _____
                                     Printed name _____
                                     As _____ of _____
                                                  (Title)           (Entity)

**Address Form**

Case Number: 12-CV-4059-DEO          Date: _____

To:   Clerk of Court
RE:   Service on Named Defendants

      Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**